# NO. 12-22-00198-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *THE STATE OF TEXAS FOR* | § | *APPEAL FROM THE* |
| *THE PROTECTION OF B.B.* | § | *COUNTY COURT AT LAW* |
|  | § | *NACOGDOCHES COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
## *PER CURIAM*

This appeal is being dismissed for failure to comply with the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 42.3.

B.G.B., acting pro se, filed a notice of appeal on July 15, 2022. Pursuant to Rule 32.1, his docketing statement was due to have been filed at the time appeal was perfected.[1] *See* TEX. R. APP. P. 32.1. On July 18, this Court requested that Appellant file a docketing statement within ten days if he had not already done so. Appellant did not file a docketing statement as requested. On August 2, the Clerk of this Court issued a notice advising Appellant that his docketing statement was past due. The notice provided that unless the docketing statement was filed on or before August 12, the appeal would be presented for dismissal in accordance with Texas Rule of Appellate Procedure 42.3. Appellant did not file the docketing statement as requested.

Additionally, the Clerk of this Court notified Appellant on July 18 that his notice of appeal failed to contain the information specifically required by Texas Rule of Appellate Procedure 9.5 and Section 51.017(a) of the Texas Civil Practice and Remedies Code. *See* TEX. R. APP. P. 9.5 (service); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.017(a) (West Supp. 2019) (notice of appeal must be served on each court reporter responsible for preparing

---

[1] Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure; otherwise, pro se litigants would benefit from an unfair advantage over parties represented by counsel. *Muhammed v. Plains Pipeline, L.P.*, No. 12-16-00189-CV, 2017 WL 2665180, at *2 n.3 (Tex. App.—Tyler June 21, 2017, no pet.) (mem. op.).

reporter's record). The notice warned that, unless Appellant filed a proper notice of appeal on or before August 17, the appeal would be referred to the Court for dismissal. Appellant filed an amended notice of appeal, which still fails to comply with Section 51.017(a).[2]

Because Appellant failed, after notice, to comply with Rule 32.1 and Section 51.017(a), the appeal is ***dismissed***. *See* TEX. R. APP. P. 42.3(c) (on its own initiative after giving ten days' notice to all parties, appellate court may dismiss appeal if appeal is subject to dismissal because appellant failed to comply with a requirement of these rules, a court order, or a notice from the clerk requiring a response or other action within a specified time).

Opinion delivered August 24, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[2] Appellant's amended notice also references a "mandamus application." However, a mandamus proceeding is "commenced by filing a petition with the clerk of the appropriate appellate court." TEX. R. APP. P. 52.1. Moreover, a petition for writ of mandamus must comply with Texas Rule of Appellate Procedure 52.3. *See* TEX. R. APP. P. 52.3. Appellant has not commenced an original proceeding by filing a petition for writ of mandamus with this Court in accordance with Rule 52.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 24, 2022**

**NO. 12-22-00198-CV**

**THE STATE OF TEXAS FOR THE PROTECTION OF B. B.**

---

Appeal from the County Court at Law

of Nacogdoches County, Texas (Tr.Ct.No. C2237593)

---

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that the appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*